UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
    :
**JEROME SMITH**,    :
              Plaintiff,    :
              :    **MEMORANDUM AND ORDER**
      – against –    :    1:21-CV-3239 (AMD) (LB)
    :
**NEW YORK CITY POLICE DEPARTMENT,**    :
**PROPERTY CLERK DIVISION**,    :
    :
              Defendant.    :
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

The pro se plaintiff commenced this action against the New York Police Department Property Clerk pursuant to 42 U.S.C. § 1983, claiming that the defendant violated his due process rights when it seized his car and the property inside it during an arrest.[1] Before the Court is the defendant's motion to dismiss the complaint on statute of limitations grounds. For the reasons that follow, the motion is denied.[2]

## BACKGROUND

On October 29, 2015, New York City Police Officer Andrew Gonzalez arrested the plaintiff and seized his vehicle because it was involved in a crime. Officer Gonzalez vouchered the car and filled out a property clerk invoice—voucher No. 400035199—in which he represented that the vehicle was being held as "arrest evidence" and that no personal property

---

[1] As explained below, the plaintiff initially filed an action in the Southern District of New York. *Smith v. NYPD Property Division*, 16-CV-5639 (S.D.N.Y.) (*Smith I*). That complaint is docketed in that action as ECF No. 2.

[2] On June 8, 2021, the Court granted the plaintiff's request to proceed *in forma pauperis*.

was removed from it.[3] (*Smith I* Compl. at Ex. A.)  The plaintiff alleges that the defendant deprived him of property without an opportunity to be heard: specifically, that his multiple attempts to request a hearing in his criminal proceedings and in a civil forfeiture proceeding have gone unanswered.  The defendant moves to dismiss solely on the basis that the action is time-barred.  (ECF No. 19.)

I.  **Civil Forfeiture Proceedings**

On November 9, 2015, the Property Clerk mailed a letter to the plaintiff at his home address informing him that the City was going to file a civil action in New York State Supreme Court, seeking forfeiture of his car, a 1999 Lexus.  The Property Clerk also made a "settlement" offer—the plaintiff could get the car back if he paid a $1,500 fee—that would remain open for ten days.  (*Smith I* Compl. at Ex. B.)  The Property Clerk also explained that settlement was contingent upon the plaintiff showing "through documentation that the vehicle is not needed as evidence in the criminal proceeding by providing the NYPD Legal Bureau with a District Attorney's release or a certified Court disposition." (*Id.*)

The plaintiff's family forwarded the letter to the plaintiff at the correctional facility where he was incarcerated. (*Id*. at 5.)  On January 23, 2016, the plaintiff sent the Property Clerk a hand-written letter explaining that his family had not been able to retrieve the car because it was "being held as evidence;" he also provided the correctional facility address for future correspondence. (*Id.* at Ex. C.)

On February 18, 2016, the Property Clerk commenced a civil forfeiture action in New York County Supreme Court and sent the plaintiff a "summons with notice" informing him that

---

[3] The "prisoner copy" of the voucher is attached as an exhibit to plaintiff's prior complaint alleging the same facts, filed in the Southern District of New York.  As explained in Section I *infra*, the court takes judicial notice of the voucher.

he had 30 days from the date of the summons to serve a notice of appearance or a demand for a complaint. (*Id.* at Ex. D.) The plaintiff received the summons on March 1, 2016. (*Id.* at 5, Ex. D.) He responded on March 8, 2016, demanding that the Property Clerk produce a complaint. (*Id.* at Ex. E; ECF No. 1 ¶12.) Nothing in the record shows that the complaint was ever produced. On May 17, 2016, the plaintiff filed a notice of claim with the New York City Comptroller, who dismissed the claim because it "was not filed within 90 days from the date of occurrence as required by the General Municipal Law Section 50-e." (*Id.* at Ex. H).

## II.   SDNY Action

On July 9, 2016, the plaintiff, proceeding *pro se*, filed a civil lawsuit in the Southern District of New York seeking the return of his car and the personal property in the car. *Smith I*, No. 16-CV-5639 (S.D.N.Y. Sept. 30, 2016). The plaintiff named the NYPD Property Division, the NYPD 106th Precinct, and Officer Gonzalez. On September 30, 2016, then-Chief Judge Colleen McMahon dismissed that action for failure to state a claim. Judge McMahon observed that the "[p]laintiff's allegations, as well as the information contained in his attached exhibits, demonstrate that (1) the NYPD seized his vehicle as arrest evidence; (2) the Property Clerk initiated a forfeiture proceeding; and (3) the Property Clerk is not currently pursuing the forfeiture proceeding, pending the outcome of the criminal matter." *Id.* at 5. She held that the plaintiff did not state a due process claim because he had "available state court remedies to assert his property interest," including (i) challenging the continued retention in his ongoing criminal case by requesting a hearing and (ii) the civil forfeiture proceeding. *Id*. (citing *Hudson v. Palmer*, 468 U.S. 517, 534-35 (1984)).[4]

---

[4] The dismissal is presumed to be without prejudice. *See Mayer v. Moeykens*, 494 F.2d 855, 859 n.3 (2d Cir. 1974) ("Since the exhaustion doctrine is a matter resting on comity and not a limitation on jurisdiction, absent very clear lack of merit, dismissal for want of exhaustion is without prejudice."); *Hall v. New York Hosp.*, No. 99-CV-10554, 2000 WL 222858, at *1 (S.D.N.Y. Feb. 25, 2000) ("as the

3

### III. Criminal Proceedings

The plaintiff was prosecuted in Queens County Supreme Court for burglary in the first degree and grand larceny in the fourth degree. (*Smith I* Compl. at Ex. D.) On November 9, 2016 the plaintiff wrote to the assistant district attorney assigned to his case and asked for the return of his property.[5] (ECF No. 1 ¶15.) On January 20, 2017, the plaintiff alleges he sent a "Notice to Demand a Retention Hearing" to both the assistant district attorney and the defendant. (*Id*. ¶16.) He claims that he "addressed the issue" again on March 6, 2017 "in open court" with the assistant district attorney and the judge presiding over his criminal case. (*Id*. ¶17.) On June 5, 2017, after "a guilty jury verdict," he sent a letter to the assistant district attorney "in the form of 'Request to Release Arrest Evidence.'" (*Id.* ¶18.) He alleges that he never received a hearing or a response to his inquiries. (*Id*. ¶¶15-18.)

### IV. Subsequent Civil Proceedings after Termination of Criminal Matter

On June 28, 2017, the plaintiff sent the defendant a letter "in the form of 'Demand Hearing and Return of Vehicle.'" (*Id*. ¶19.) On November 19, 2019, the plaintiff sent the defendant and the "Clerk of Court, Civil Term" what he describes as a "motion to dismiss for failure to serve [the civil forfeiture] complaint." (*Id*. ¶20.) He alleges that on January 20, 2020 he wrote to the "Principle Court Attorney in regards to [the] failure of the court to either respond or forward acknowledgment of receipt" of this motion to dismiss. (*Id* ¶21.) On February 27, 2020, he received a response seeking clarification (dated February 13, 2020) from the "Principle

---

state court dismissal for failure to exhaust administrative remedies is presumed to be without prejudice … it can have no res judicata effect.") (citations omitted); *Ali v. Brink*, No. 00-CV-6557, 2008 WL 352282, at *4 (W.D.N.Y. Feb. 8, 2008) ("Accordingly, Plaintiff's claim is dismissed for failure to exhaust. Such a dismissal is made without prejudice, although the delay in seeking exhaustion may now impact the statute of limitations.")

[5] The plaintiff alleges he first asked about the property voucher on January 27, 2016, during a pre-trial hearing in the criminal case. (ECF No. 1 at 10.)

4

Court Attorney."[6]  (*Id.*)  The plaintiff responded the same day with the reference number for the civil forfeiture case.  (*Id.*)

The plaintiff filed this action on June 8, 2021.[7]  He seeks the return of his vehicle and the property that was in it at the time of his arrest, as well as damages for mental anguish, compensatory damages for any destruction of property, fees owed to the Department of Motor Vehicles related to his inability to return the license plate associated with the seized vehicle, and punitive damages.  (*Id.* ¶¶ 30-34.)  The plaintiff's complaint cites exhibits documenting his attempts to retrieve his vehicle, but none are attached to the complaint.

The defendant moves to dismiss the complaint solely on the basis that the applicable statute of limitations has passed.  (ECF No. 19.)

## LEGAL STANDARD

Submissions by *pro se* plaintiffs are held to a "less stringent standard [] than formal pleadings drafted by lawyers."  *Haines v. Kerner,* 404 U.S. 519, 520 (1972).  *Pro se* plaintiffs are "'entitled to a far more generous reading of their pleadings than would otherwise be afforded to one who is represented by an attorney.'"  *Dimps v. Dist. Council 37,* No. 01-CV-1735, 2002 WL 206992, at *2 (S.D.N.Y. Feb. 8, 2002).  "The Court construes [the] plaintiff's pro se pleadings liberally particularly because they allege civil rights violations."  *Azaryev v. City of New York*, No. 21-CV-3856, 2021 WL 3861722, at *1 (E.D.N.Y. Aug. 27, 2021).

---

[6] The record does not reflect the name of the "Principle Court Attorney," who presumably is associated with the New York County Supreme Court, where the property clerk initiated the civil action.

[7] The defendant does not contest venue, and accordingly waives this defense.  *See Miller v. Batesville Casket Co.*, 219 F.R.D. 56, 58 (E.D.N.Y. 2003).  Nevertheless, I find venue is proper.  The vehicle voucher lists the place of seizure as 103rd Street, Centreville Street, Queens, NY 11417.  Venue is proper where the plaintiff resides or where the events giving rise to the action occurred.  *See Habrout v. City of New York*, 143 F. Supp. 2d 399, 401 (S.D.N.Y. 2001).

5

Like Judge McMahon, I construe the plaintiff's claim that the defendant seized his vehicle improperly as a Fourteenth Amendment procedural due process claim. (ECF No. 1 at 15.) Federal courts considering Section 1983 claims apply the forum state's general or residual statute for personal injury actions; in New York, the statute of limitations period is three years. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Plumey v. New York State*, 389 F. Supp. 2d 491, 497 (S.D.N.Y. 2005). While state law also determines "whether the limitations period has been tolled … New York courts have adopted the same equitable tolling doctrine that exists under federal law" for Section 1983 claims. *MacFarlane v. Ewald*, No. 10-CV-2877, 2016 WL 4076585, at *3-4 (E.D.N.Y. Aug. 1, 2016) (citing *Keating v. Carey*, 706 F.2d 377, 382 (2d Cir. 1983)). Federal law determines when such claims accrue, and the Second Circuit has held that accrual of a Section 1983 claim occurs when the plaintiff "knows or has reason to know of the injury which is the basis of his action." *Id.* (citing *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980)).

## DISCUSSION

### I. Judicial Notice

The court takes judicial notice of the facts set forth in Judge McMahon's decision, as well as the complaint in that lawsuit. Because a motion brought under Rule 12(b)(6) "challenges only the 'legal feasibility' of a complaint," and takes "no account of its basis in evidence, a court adjudicating such a motion may review only a narrow universe of materials." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 558-59 (2d Cir. 2016). A court adjudicating a motion under Rule 12(b)(6) may generally consider only the "facts stated on the face of the complaint, … documents appended to the complaint or incorporated in the complaint by reference, and … matters of which judicial notice may be taken." *Concord Assocs., L.P. v. Entm't Props. Trust*, 817 F.3d 46,

51 n.2 (2d Cir. 2016) (citation omitted).  However, "[e]ven where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." *Chambers v. Time Warner*, 282 F.3d 147, 153 (2d Cir. 2002).  "Judicial notice can be taken of prior complaints and legal proceedings …" *In re Zyprexa Prod. Liab. Litig.*, 549 F. Supp. 2d 496, 501 (E.D.N.Y. 2008).

The plaintiff's complaint refers to his Southern District lawsuit, including Judge McMahon's order dismissing it.  (ECF No. 1 at 6, 7, 14).  He cites the vehicle voucher as Exhibit A, which is attached to the prior complaint under the same label.  (*Id*. at 9.)  The defendant also attached Judge McMahon's decision to its motion to dismiss.  (ECF No. 18 at Ex. B.)  Therefore, I take judicial notice of Judge McMahon's decision, as well as the underlying complaint and attached exhibits giving rise to the plaintiff's constitutional claims.  *See Alaimo v. Cohen*, No. 07-CV-7625, 2008 WL 4202267, at *1 n.1 (S.D.N.Y. Sept. 10, 2008) (taking judicial notice of facts as laid out in a state court decision).

## II.    Statute of Limitations

The defendant argues only that the plaintiff's claim is time-barred by New York's three-year statute of limitations.  The plaintiff commenced this action on June 8, 2021, and accordingly any claims that accrued prior to June 8, 2018, are time-barred unless there is a basis to toll the statute of limitations.  I find that there is.

### a.    Accrual

A claim under Section 1983 accrues when the plaintiff "knows or has reason to know" of the injury that forms the basis of the claim.  *Frith v. Hill*, No. 07-CV-5899, 2009 WL 3073716, at *14 (S.D.N.Y. Sept. 23, 2009) (report and recommendation adopted).  The plaintiff's alleged

7

injury is the deprivation of property without due process because he never received the requested retention hearing and was never given an opportunity to be heard in the civil forfeiture proceeding.[8] (ECF No. 1 ¶¶24-28.) The defendant asserts that this claim accrued "in October 2015 when Plaintiff was arrested and his vehicle seized by the NYPD." (ECF No. 19 at 4-5.)

However, the plaintiff's injury is not the initial seizure of his vehicle. Rather, the time of accrual for the plaintiff's Section 1983 action is the date on which he had reason to believe that he had been permanently deprived of his property without an opportunity to be heard. This was on May 17, 2016 when he filed a "notice of intention to file claim" with the City Comptroller, which he filed because he received no response to his demand that the Property Clerk produce a complaint in the civil forfeiture action. (*Smith I* Compl. at 6, Ex. F); *See Sommerville v. Wright*, No. 12-CV-165, 2014 WL 794275, at *13 (E.D.N.Y. Feb. 25, 2014) (the plaintiff "first knew he had been permanently deprived of his property" when he learned the city "couldn't find his vehicle," rather than the date he received the voucher); *Adeyi v. United States*, No. 06-CV-3842, 2008 WL 793595, at *25-26 (S.D.N.Y. Mar. 21, 2008) (counsel's letter informing plaintiff that the government had destroyed his property was earliest plaintiff could have known about his injury.)

The defendant's assertion that the plaintiff's injury is "solely attributable to activities that occurred in October 2015" misses the mark for another crucial reason. (ECF No. 21 at 3.) New York City is authorized to retain a motor vehicle as "arrest evidence" or "trial evidence" pending

---

[8] Due process requires a prompt retention hearing before a neutral magistrate to enable criminal defendants to challenge the seizure of cars seized and held for possible forfeiture. *County of Nassau v. Canavan*, 1 N.Y.3d 134, 770 N.Y.S.2d 277, 802 N.E.2d 616 (2003); *Herbert v. City of New York*, No. 12-CV-1096 JG LB, 2012 WL 3779230, at *2 (E.D.N.Y. Aug. 30, 2012) ("Although the initial decision authorizing retention of property as evidence may be made *ex parte* [] a claimant must be given a prompt hearing to challenge a determination that his property should be retained.").

8

the conclusion of a criminal proceeding. *See Krimstock v. Kelly*, 464 F.3d 246, 248 n.1 (2d Cir. 2006); 38 R.C.N.Y. § 12–31. The Second Circuit has outlined the procedures by which a claimant may recover evidence seized at the time of his arrest. First, the police must "provide the property owner with a voucher, which must give notice of the procedures to be followed to recover such property." *Herbert*, 2012 WL 3779230, at *2. Those procedures are the following:

> "A claimant must make a demand upon the property clerk for his property or money within 90 days of the earlier of (i) the termination of the criminal proceeding, or (ii) the issuance by the District Attorney of a release indicating that the property or money is not needed as evidence. The City must, within ten days of a timely demand, either return the item or items in question or initiate judicial action to authorize their continued detention. In the absence of a timely demand, the property clerk may dispose of the property."[9]

*Tammaro v. City of New York*, No. 13-CV-6190, 2018 WL 1621535, at *6 (S.D.N.Y. Mar. 30, 2018) (citing *Butler v. Castro*, 896 F.2d 698, 702-03 (2d Cir. 1990); *see also Herbert*, 2012 WL 3779230, at *2. Failure to give notice or comply with these procedures may deprive a person of property without due process. *Sommerville,* 2014 WL 794275, at *6 (quoting *Frith v. City of New York*, No. 07-CV-5899, 2011 WL 3477083, at *10 (S.D.N.Y. July 7, 2011) (report and recommendation), adopted by, 2011 WL 3478141 (S.D.N.Y. Aug. 8, 2011)) ("[A]n arrestee can succeed on a procedural due process claim by demonstrating that: (1) the City arrested him and seized his property; (2) it did not give him a property voucher with the constitutionally-required notice printed on it; (3) it did not otherwise notify him of the procedures he could follow to reclaim his property; and (4) he was deprived of the property as a result.")

The photocopies of the vouchers, of which I take judicial notice, do not include any notice of the procedures to follow to recover his property. The defendant does not say whether

---

[9] While New York City Rules and Regulations provide that the NYPD Property Clerk will return seized property if a demand for return is made within 120 days after the termination of a criminal proceeding (*see* Section II.b, below), "courts in the Second Circuit generally hold that constitutional principles only require that property be retained for 90 days." *Santagata v. Diaz*, No. 17-CV-3053, 2019 WL 2164082, at *2 (E.D.N.Y. May 17, 2019) (citing N.Y.C. R. & Regs. tit. 38 § 12-35(c)).

9

the voucher included the notice procedures, or that the plaintiff ever received the constitutionally required notice. If the plaintiff never received the required notice, the current state of the record does not permit the inference that the statute of limitations began to run as the defendants allege.[10] *See Frith v. Hill*, 2009 WL 3073716 at *5 n. 4 ("silence from the City would not put [the plaintiff] on notice that he had permanently lost his interest in his property.")

      b.      **Equitable Tolling**

The statute of limitations was tolled while the plaintiff exhausted his state court remedies. "The statute of limitations may be equitably tolled if a plaintiff show[s] '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Derti v. Barg*, No. 19 CV 10215, 2021 WL 4776359, at *4 (S.D.N.Y. Oct. 12, 2021) (citing *Sides v. Paolano*, 2021 WL 4256864, at *1 (2d Cir. Sept. 20, 2021)). "To show extraordinary circumstances prevented a plaintiff from filing his complaint on time, he must demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the [plaintiff], acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Id*. (internal citations omitted).

Equitable tolling "applies only when [the] plaintiff is prevented from filing despite exercising that level of diligence which could reasonably be expected in the circumstances." *Veltri v. Bldg. Serv. 32B-J Pension Fund,* 393 F.3d 318, 322 (2d Cir. 2004). The Second Circuit has held that "tolling is applicable during the time period in which an inmate is actively

---

[10] Judge McMahon's discussion of the adequate state procedures focused on the plaintiff's ability to challenge the retention of his property during his ongoing criminal proceeding, rather than after its termination. *Smith I* at 4 (citing *Krimstock v. Kelly*, 506 F. Supp. 2d 248, 253 (S.D.N.Y 2007).

10

exhausting his administrative remedies." *Gonzalez v. Hasty*, 651 F.3d 318, 322 (2d Cir. 2011) (tolling during the time period a prisoner-plaintiff exhausts his administrative remedies pursuant to the Prison Litigation Reform Act.) "[T]he applicable three-year statute of limitations is tolled only during that exhaustion period and not during the period in between the accrual of those claims and when [plaintiff] began the administrative remedy process." *Id*. at 324 ("the date on which [a plaintiff] first raised his administrative claims demarcates the commencement of the period of time during which he was actively exhausting those claims.") This tolling period ends when the plaintiff completes the mandatory exhaustion process. *Gonzalez v. Hasty*, No. 05-CV-6076, 2012 WL 4473689, at *8 (S.D.N.Y. Sept. 28, 2012) (tolling period ended when BOP office denied plaintiff's administrative request).

The plaintiff has sufficiently alleged that he was diligently exhausting his available state court remedies. After Judge McMahon dismissed his complaint, he asked for a retention hearing during the criminal trial—once in court and two more times in letters to the assistant district attorney. He also sent letters to the Property Clerk, through the Corporation Counsel.[11] After the criminal proceedings ended, he continued to seek relief; he demanded a hearing from the Property Clerk and made another "request to release arrest evidence" to the assistant district attorney. When that did not work, he tried to get relief through the civil forfeiture process. He made all of these efforts while he was incarcerated. These are precisely the remedies that Judge McMahon found were available to the plaintiff; the plaintiff alleges that they did not provide relief.

---

[11] The plaintiff alleges that he sent these communications to Zachary Carter as the attorney for the Property Clerk. Mr. Carter was the signatory of the summons that the plaintiff received on February 18, 2016. All of plaintiff's subsequent correspondence with the Property Clerk appears to have been addressed to Mr. Carter and sent to 2 Lafayette Street, 5th Floor, New York, NY 10007. On this record, it appears that the plaintiff had no other address or point of contact to make a demand upon the property clerk.

11

Viewing the record in the light most favorable to the plaintiff, there is also a serious question about whether the plaintiff received notice of the procedures necessary to retrieve his property. If the plaintiff did not receive the required notice, this itself is an extraordinary circumstance that prevented him from filing a timely complaint despite his reasonable diligence during the tolled period. *See Veltri*, 393 F.3d at 323 (tolling is applicable where the defendant did not fully comply with regulatory notice requirements).

As discussed above, the statute of limitations began to accrue on or about May 17, 2016. The statute of limitations was tolled when the plaintiff began to exhaust his remedies: on November 9, 2016, when he sent his first request to the prosecutor, challenging the retention of his property. It is not clear when that tolling period ended. Section 12-35 of the New York City Rules and Regulations allow a claimant to make a timely demand for the return of property "within 120 days after the termination of criminal proceedings, whether or not the demand is accompanied by a district attorney's release or a statement upholding a denial of the release." 38 R.C.N.Y. §12-35(c).

In this case, the jury convicted the plaintiff sometime before June 5, 2017, and the record does not reflect when the plaintiff was sentenced.[12] On that date, the plaintiff alleges that he sent the Property Clerk a letter demanding a hearing and the return of his vehicle but received no response. (ECF No. 1 ¶19.) Drawing all inferences in the plaintiff's favor, his June 2017

---

[12] Under New York law, a criminal action terminates "with the imposition of sentence or some other final disposition in a criminal court of the last accusatory instrument filed in the case." *Morgenthau v. Basbus*, 890 N.Y.S.2d 43, 44 (2009) (quoting N.Y. Crim. Proc. Law § 1.20(16)). However, other courts in this circuit have found that a guilty plea is the termination of proceedings for the purposes of determining the timeliness of a demand for property. *Frith,* 2009 WL 3073716 at *14 (citing *Williams v. New York Police Dep't*, 930 F.Supp. 49, 53 (S.D.N.Y.1996)). I do not reach the issue of whether the plaintiff's criminal proceedings terminated at conviction or sentencing here, as neither date is reflected in the record and, drawing inferences in favor of the plaintiff, his demand to the Property Clerk was timely either way.

communications with the Property Clerk after the criminal proceedings terminated preserved his demand for the return of his property.

Accordingly, the plaintiff had not exhausted his claims before February 27, 2020, the date of his last correspondence with the Property Clerk. (*Id.* ¶21.) The statute of limitations was therefore tolled between November 9, 2016, and February 27, 2020, while the plaintiff pursued state court remedies; and the limitations period applicable to plaintiff's due process claim expired in August 2022.[13] Because the plaintiff filed this action in June 2021, his claim is not time-barred.

## CONCLUSION

For these reasons, the defendant's motion to dismiss the complaint is denied.

**SO ORDERED.**

s/Ann M. Donnelly
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
September 30, 2022

---

[13] The statute of limitations ran from May 17, 2016 to November 9, 2016, a period of five months and 24 days. It was then tolled between November 9, 2016, and February 27, 2020, for a period of three years and 110 days.

13