UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
**JEROME SMITH**, :
:
                Plaintiff, :
: **MEMORANDUM AND ORDER**
      – against – :
: 21-CV-3239 (AMD) (CHK)
:
**NEW YORK CITY POLICE DEPARTMENT,** :
**106TH PRECINCT, CITY OF NEW YORK,** :
**THE CITY OF NEW YORK, MARCOS** :
**PICHARDO, MICHAEL COZIER, ANDRES** :
**GONZALEZ, EDWIN PEREZ**, :
:
                Defendant. :
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      The *pro se* plaintiff brought this action against the City of New York, the New York Police Department Property Clerk, and others pursuant to 42 U.S.C. § 1983, claiming that the defendants violated his due process rights when the NYPD seized his car and the property inside it during a 2015 arrest and has since failed to provide the plaintiff the opportunity to be heard.[1] Before the Court is the defendants' motion to dismiss the second amended complaint (the "SAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] For the reasons that follow, the motion is denied as to New York City and the New York City Police Department

---

[1] On August 17, 2021, the Court granted the plaintiff's request to proceed *in forma pauperis*. (ECF No. 10.)

[2] In addition to the briefing related to the current motion to dismiss (ECF Nos. 88–91 (Motion to Dismiss and related filings), 93 (Opposition to Motion to Dismiss), 94–95 (Reply in Support of Motion to Dismiss), the Court also considers prior briefing related to the second amended complaint (ECF No. 44), including the defendants' prior motion to dismiss (ECF Nos. 56–58), the opposition to the motion to dismiss (ECF No. 59), and the defendants' reply briefing (ECF No. 61).

Property Clerk (the "Property Clerk") (collectively, the "City Defendants") and granted as to Gonzalez, Perez, Picardo, and Cozier.

## BACKGROUND[3]

### I. The 2015 Seizure of the Plaintiff's Property

On October 29, 2015, New York City Police Officer Andres Gonzalez arrested the plaintiff and seized his car. (ECF No. 44 ¶ 9.) Officer Gonzalez vouchered the car and filled out a property clerk invoice — Invoice No. 400035199 — in which he represented that the vehicle was being held as "ARREST EVIDENCE" and that no personal property was removed from it. (ECF No. 44 ¶ 9; ECF No. 89-1 at Ex. A.) While the police gave the plaintiff a copy of the invoice, it is undisputed that they "failed to attach to the voucher the procedures for recovering the seized vehicle." (ECF No. 44 ¶ 9; ECF No. 89-1 at Ex. A.) During the intake inspection at the impound lot approximately four days later, the officer noted that the "Missing/Damaged Parts" now included "CRACK WINDSHIELD." (ECF No. 44 ¶ 9; ECF No. 44 at Exs. Q-2, Q-3.)

### II. The Plaintiff's Requests for Return of the Seized Property

Since January 2016, the plaintiff has made approximately a dozen requests and initiated multiple proceedings to recover his car, all without the benefit of receiving notice of the procedures for doing so at the time of the seizure. These requests and proceedings are described below.

---

[3] The facts are drawn from the allegations in the plaintiff's complaint (ECF No.1), first amended complaint (ECF No. 37), second amended complaint (ECF No. 44), and documents attached to or integral to the complaints. *See Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016). The Court has previously taken judicial notice of the complaint, attached exhibits, and decision in the prior SDNY action (ECF No. 27 at 6–7), which were attached by the defendants to their affidavit in support of their motion to dismiss in this action (*see* ECF Nos. 89-1, 89-2). The Court draws all reasonable inferences in the plaintiff's favor and accepts the factual allegations in the complaints as true for purposes of this motion. *See Town of Babylon v. Fed Hous. Fin. Agency*, 699 F.3d 221, 227 (2d Cir. 2012).

      a.      **January 2016 Response to NYPD's Initial Settlement Offer**

In a November 9, 2015 letter, the Property Clerk informed the plaintiff that the NYPD was going to file a civil action in New York State Supreme Court seeking forfeiture of his car, a 1999 Lexus. Although the plaintiff was incarcerated, the Property Clerk mailed the letter to the plaintiff's home address (ECF No. 89-1 at Exs. B, C), and it is unclear when the plaintiff actually received the letter. In the letter, the Property Clerk made a "settlement" offer that would remain open for ten business days: the plaintiff could get the car back if he paid a $1,500 fee and a non-waivable storage facility fee of $75. (ECF No. 89-1 at Ex. B.) The Property Clerk also explained that settlement was contingent upon the plaintiff showing "through documentation that the vehicle is not needed as evidence in the criminal proceeding by providing the NYPD Legal Bureau with a District Attorney's release or a certified Court disposition." (*Id.*)

On January 23, 2016, the plaintiff sent the Property Clerk a hand-written letter objecting to "being charge[d] a large sum" — the $1,500 fee and the storage fee of $75 — to retrieve the car. (ECF No. 89-1 at Ex. C.) Additionally, in response to the request for "documentation that the vehicle is not needed as evidence in the criminal proceeding," the plaintiff provided a copy of the voucher that shows his "vehicle was seize[d] and impounded as evidence." (*Id.*) He also explained that his family could not retrieve the car because it was "being held as evidence." (*Id.*) He gave the Property Clerk his correctional facility mailing address for future correspondence. (*Id.*)

      b.      **January 2016 Request During Criminal Proceedings**

After his arrest on October 29, 2015, the plaintiff was prosecuted in Queens County Supreme Court for burglary in the first degree and grand larceny in the fourth degree. (ECF No. 89-1 at Ex. D.) On January 27, 2016, during a pre-trial hearing before Judge Barry Kron, the

3

plaintiff inquired about the property voucher and the settlement letter from the Property Clerk. (ECF No. 1 ¶ 10; ECF No. 44 at Ex. B.)

### c. March 2016 Demand to Produce Complaint

On February 18, 2016, the Property Clerk commenced a civil forfeiture action in New York County Supreme Court and sent the plaintiff a "summons with notice" informing him that he had either 20 or 30 days from the date of the summons depending on method of service to serve a notice of appearance or a demand for a complaint. (ECF No. 89-1 at Ex. D.) The plaintiff received the summons on March 1, 2016. (*Id.*) The notice instructed, in part, that the plaintiff was "HEREBY SUMMONED and required to serve upon counsel for the City Defendants, at the address below, a notice of appearance or a demand for a complaint within twenty (20) days after services of this summons, exclusive of the day of service." (*Id.*) The address listed was:

> ZACHARY W. CARTER, ESQ.
> Corporation Counsel, City of New York
> LAWRENCE BYRNE, ESQ.
> Deputy commissioner, Legal Matters
> New York City Police Dept.
> Attorney for Plaintiff
> ANDREW J BOTELHO, ESQ.
> 2 Lafayette Street, 5th Floor
> New York, New York 10007

(*Id.*)

On March 8, 2016,[4] about seven days after the plaintiff got the summons instructing him to serve a demand for a complaint, the plaintiff responded with a "DEMAND TO PRODUCE

---

[4] While the plaintiff's letter is dated March 5, 2016, the plaintiff's notarized affidavit of service indicates that he mailed the "Demand to Produce Complaint" on March 8, 2016. (ECF No. 89-1 at Ex. E.)

4

COMPLAINT." (ECF No. 1 ¶ 12; ECF No. 44 at Ex. E.)[5]  The plaintiff's notarized affidavit of service shows that the demand was mailed to the below address:

> Zachary W. Carter, ESQ
> Corporation Counsel
> City of New York
> 2 Lafayette Street
> 5th Floor
> New York, NY 10007

(ECF No. 1 ¶ 12; ECF No. 44 at Ex. E.)  It is undisputed that the Property Clerk has not produced a complaint.  (ECF No. 90 at 7.)

### d. May 2016 New York City Comptroller Claim

On May 17, 2016, the plaintiff filed a notice of claim with the New York City Comptroller related to the seizure of the vehicle.  (ECF No. 1 ¶ 13; ECF No. 89-1 at Ex. F.)  In a letter dated June 24, 2016, the Comptroller dismissed the claim because it "was not filed within 90 days from the date of occurrence as required by the General Municipal Law Section 50-e."  (ECF No. 89-1 at Ex. H.)

### e. July 2016 SDNY Action

On July 9, 2016, the plaintiff, proceeding *pro se*, filed a civil lawsuit in the Southern District of New York against the NYPD Property Division, the NYPD 106th Precinct, and Officer Gonzalez, seeking the return of his car and the personal property in the car.  On September 30, 2016, then-Chief Judge Colleen McMahon dismissed that action for failure to state a claim.  (ECF No. 89-2, *Jerome Smith v. NYCPD, Property Division et al.*, No. 16-CV-5639, ECF No. 5, Order of Dismissal (S.D.N.Y. Sep. 30, 2016).)  Judge McMahon observed that the "[p]laintiff's allegations, as well as the information contained in his attached exhibits,

---

[5] The cover page to this exhibit is labeled "Exhibit D," but the exhibit itself is labeled "Exhibit E (1 of 2)" in handwriting at the bottom of the first page.

indicate that (1) the NYPD seized his vehicle as arrest evidence; (2) the Property Clerk initiated a forfeiture proceeding; and (3) the Property Clerk is not currently pursuing the forfeiture proceeding, pending the outcome of the criminal matter," and that the "[p]laintiff does not assert that he has taken advantage of the process available to him." (*Id.* at 6.) Judge McMahon held that the plaintiff did not state a due process claim because he "ha[d] available state-court remedies to assert his property interest" — including the state civil forfeiture proceeding — "and he does not assert that this process was, or is, in any way inadequate." (*Id*. (citations omitted).)

### f. November 2016 – March 2017 Requests During Criminal Proceedings

On November 11, 2016,[6] the plaintiff wrote to the assistant district attorney assigned to his criminal case. He included the NYPD property clerk invoice number and the state civil forfeiture proceeding index number and requested the return of his property. (ECF No. 1 ¶ 15; ECF No. 44 at Ex. F.) On January 20, 2017, the plaintiff sent a "Notice to Demand a Retention Hearing" to the assistant district attorney and the property clerk. (ECF No. 1 ¶ 16; ECF No. 44 at Ex. G.) On March 6, 2017, he "addressed the issue" again "in open court" with the assistant district attorney and the judge presiding over his criminal case. (ECF No. 1 ¶ 17.) It is undisputed that he never received a retention hearing or a response to any of his inquiries.

### g. June 2017 Request for District Attorney's Release of Arrest Evidence

The plaintiff was convicted after a jury trial on or about March 8, 2017. (ECF No. 44 at Ex. I.) On June 5, 2017, the plaintiff sent a letter to the assistant district attorney and requested the return of his car pursuant to Section 12-34 of the New York City Rules and Regulations. (ECF No. 1 ¶ 18; ECF No. 44 at Ex. I.)[7] The letter included the NYPD property clerk invoice

---

[6] The plaintiff's notarized affidavit of service by mail reflects that he mailed the "Formal Request for Return of Vehicle" on or about November 11, 2016. (ECF No. 44 at Ex. F.)

[7] Section 12-34 of the New York City Rules and Regulations establishes "procedures governing the giving of releases for property that is arrest evidence." The statute provides that a claimant can make a

6

voucher number, as well as the pending state civil forfeiture proceeding index number, and stated that a copy of the voucher was enclosed. (ECF No. 44 at Ex. I.) It is undisputed that he never received a response to this request.

### h.      June 2017 Request for Retention Hearing and Release of Arrest Evidence

On June 28, 2017, the plaintiff sent a letter to Zachary Carter and Lawrence Byrne (ECF No. 1 ¶ 19; ECF No. 44 at Ex. J), the attorneys the Property Clerk listed on the notice for the state civil forfeiture proceedings (ECF No. 89-1 at Ex. E). The plaintiff described his earlier requests about his car. (ECF No. 1 ¶ 19; ECF No. 44 at Ex. J.) He cited his March 2016 demand to produce the complaint in the state civil forfeiture proceedings and his November 2017 request for a retention hearing, as well as the process for the release of arrest evidence outlined in Section 12-34 of the New York City Rules and Regulations. (ECF No. 1 ¶ 19; ECF No. 44 at Ex. J.) It is undisputed that he never received a retention hearing or a response to his request for the release of the arrest evidence.

### i.      November 2019 Motion to Dismiss Civil Forfeiture Proceeding

On November 19, 2019, the plaintiff sent the defendant and the "Clerk of Court, Civil Term" what he describes as a "motion to dismiss for failure to serve [the civil forfeiture] complaint." (ECF No. 1 ¶ 20; ECF No. 44 at Ex. K.) In a January 20, 2020 letter to the "Principle Court Attorney," the plaintiff explained that he had not received a response to or an acknowledgement of his November 19, 2019 motion to dismiss for the defendant's failure to produce a complaint in the state civil forfeiture proceeding, which violated his Fifth and

---

request to the district attorney for release of the property, and if the request meets certain requirements, the district attorney "shall, if the property is no longer needed as evidence, grant a release no more than fifteen days after receipt of the request," or if the property "is or may be needed" as evidence, "the district attorney must provide in writing the reason for the refusal no more than fifteen days after receipt of the request." New York City, N.Y., Rules, Tit. 38, § 12-34.

7

Fourteenth Amendment rights. (ECF No. 1 ¶ 21; ECF No. 44 at Ex. L.) The Inmate Processing Clerk for the New York State Supreme Court responded on February 13, 2020, but only to request the correct index number for the state civil forfeiture proceeding. (ECF No. 1 ¶ 22; ECF No. 44 at Ex. M.) The plaintiff alleges that he wrote back the same day with the correct index number. (ECF No. 1 ¶¶ 21–22; ECF No. 44 at Ex. M.) It is undisputed that he never received a response.

### j.     June 2021 EDNY Action

The plaintiff filed this action against the NYPD Property Clerk on June 8, 2021. He seeks the return of his car if it is in "the same running condition [as] when it was seized" and the property that was in it when he was arrested, as well as damages for "mental hardship/anguish," compensatory damages for any destruction of property, the fees he incurred because he could not return the license plate for his car, costs and fees for bringing the case, and punitive damages. (ECF No. 37 ¶¶ 34–35, 37–40, 42–43; ECF No. 44 ¶¶ 36, 41.)

## III.   Procedural History

On October 28, 2021, the Property Clerk moved to dismiss for failure to state a claim solely on the basis that the action was time-barred, which this Court denied. (ECF Nos. 19, 27.) On April 14, 2023, the plaintiff filed an amended complaint against the Property Clerk and added new defendants and allegations. (ECF No. 37.) On May 30, 2023, the plaintiff filed a second amended complaint and added more allegations and defendants, based in part on records he received after he appealed an adverse Freedom of Information Law decision. (ECF No. 44.)

On September 12, 2023, the defendants moved to dismiss the SAC (ECF Nos. 56–58). The plaintiff responded on October 2, 2023 (ECF No. 59), and the defendants replied on November 13, 2023 (ECF No. 61). On September 11, 2024, the Court denied the defendants' motion without prejudice and granted leave to renew the motion after the parties filed

8

supplemental briefs on the question of "whether the plaintiff's claims in this action could have been raised in the SDNY action given that, since Judge McMahon's September 2016 order, there has been no movement in the forfeiture proceeding and the plaintiff alleges that he sent multiple letters to the defendant requesting a hearing." (*ECF Order dated Sep. 11, 2024*.) The parties filed supplemental briefing on that issue. (ECF Nos. 71, 75.)

The defendants now move to dismiss the complaint. They maintain that the plaintiff's claim is barred by *res judicata* and collateral estoppel, that it does not state a claim, and does not sufficiently allege the personal involvement of Defendants Gonzalez, Perez, Picardo, and Cozier. (ECF Nos. 88–90.) The plaintiff opposes.

## LEGAL STANDARD

To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Pleadings are construed in the light most favorable to the plaintiff. *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).

Submissions by *pro se* plaintiffs are held to a "less stringent standard[] than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520 (1972). *Pro se* plaintiffs are "entitled to a far more generous reading of their pleadings than would otherwise be afforded to one who is represented by an attorney." *Dimps v. Dist. Council 37*, No. 01-CV-1735, 2002 WL 206992, at *2 (S.D.N.Y. Feb. 8, 2002) (quoting *Richardson v. Sec. Unit Emps. Council 82*, No.

9

99-CV-1021, 2001 WL 392089, at *1 (W.D.N.Y. Mar. 27, 2001)). "The Court construes [the] plaintiff's *pro se* pleadings liberally particularly because they allege civil rights violations." *Azaryev v. City of New York*, No. 21-CV-3856, 2021 WL 3861722, at *1 (E.D.N.Y. Aug. 27, 2021).

## DISCUSSION

### I. *Res Judicata* and Collateral Estoppel

#### a. *Res Judicata*

The doctrine of *res judicata* provides that "a valid, final judgment, rendered on the merits, constitutes an absolute bar to a subsequent action between the same parties, or those in privity with them, upon the same claim or demand." *Epperson v. Ent. Express, Inc.*, 242 F.3d 100, 108 (2d Cir. 2001) (citation omitted). "Whether or not the first judgment will have preclusive effect depends in part on whether the same transaction o[r] series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000) (citing *NLRB v. United Technologies Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983)). "The party asserting *res judicata* bears the burden of proving these elements." *Yan Won Liao v. Holder*, 691 F. Supp. 2d 344, 352 (E.D.N.Y. 2010) (citing *Monahan*, 214 F.3d at 285).[8]

The defendants say that the plaintiff "assert[s] the same claim emanating from the same arrest and seizure of his vehicle" as the SDNY case, which Judge McMahon dismissed. (ECF

---

[8] In their summary of the legal standard, the defendants describe the New York state law standard for *res judicata*. (ECF No. 90 at 10.) Here, because the prior case in question is the plaintiff's "prior federal case" (ECF No. 90 at 9), the federal standard for *res judicata* applies. *See, e.g.*, *Monahan*, 214 F.3d at 280, 284–85 (applying federal *res judicata* standard in reviewing a case appealed from the Southern District of New York where the relevant prior case was brought in the Eastern District of New York).

10

No. 90 at 7.) That is not so. The plaintiff filed the SDNY action in 2016, before his trial, when the police were still holding his car as arrest evidence. The plaintiff alleged that at that point the NYPD had not responded to his March 2016 demand to produce a complaint in the state civil forfeiture proceeding. (ECF No. 89-1 at 6–7.) Judge McMahon dismissed the action "[b]ecause [the] [p]laintiff has available state-court remedies to assert his property interest" and "d[id] not assert that this process was . . . inadequate." (ECF 89-2 at 6.) This holding turned, in part, on the fact that "the Property Clerk [was] not currently pursuing the [state civil] forfeiture proceeding, pending the outcome of the criminal matter." (*Id.*)

The allegations in this case are different because the facts have changed. The plaintiff was awaiting trial when he brought suit in 2016, and the police were holding his car as arrest evidence. When the plaintiff filed this action five years later, he had been tried and convicted (ECF No. 44 at Ex. I), so the NYPD no longer needed his car as arrest evidence. Although the defendants maintain that the state civil forfeiture case is "pending" (ECF No. 90 at 6–7, 7 n.2), it has apparently been in that posture for over nine years, without any movement on the Property Clerk's part. Nor have the defendants responded to the plaintiff's requests for a retention hearing, his request for the release of arrest evidence under New York City law, or his motion to dismiss the state civil forfeiture proceeding for failure to produce the demanded complaint. (ECF No. 1 ¶¶ 18–24; ECF No. 44 at Exs. J–M.) The defendants do not address these changed circumstances at all. Instead, they insist that the claim "arises out of the 'same transaction or series of transactions' as those at issue in the 2016 federal case," and that the complaints in each action "are quite similar." (ECF No. 90 at 11.) In fact, while the allegations are based on "the same arrest and seizure of [the plaintiff's vehicle]" (ECF No. 90 at 7), the "facts essential" to this action were not, as the defendants claim "present in the first," *Monahan*, 214 F.3d at 285

11

(citation omitted).  Indeed, most of the things the plaintiff claims had not happened when he filed the SDNY case.  Therefore, *res judicata* does not preclude the plaintiff's claim.

      **b.**      **Collateral Estoppel**

"Collateral estoppel bars re-litigation of an issue where '(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits.'" *Liberty Media Corp. v. Vivendi Universal, S.A.*, 861 F. Supp. 2d 262, 270 (S.D.N.Y. 2012) (quoting *Boguslavsky v. Kaplan*, 159 F.3d 715, 720 (2d Cir. 1998)).  "The burden of showing that the issues are identical and were necessarily decided in the prior action rests with the party seeking to apply issue preclusion. . . .  In contrast, the burden of showing that the prior action did not afford a full and fair opportunity to litigate the issues rests with . . . the party opposing the application of issue preclusion." *Davis v. Proud*, 2 F. Supp. 3d 460, 481 (E.D.N.Y. 2014) (quoting *Proctor v. LeClaire*, 715 F.3d 402, 414 (2d Cir. 2013)).

      The defendants argue that the "[p]laintiff was the named Plaintiff in the 2016 federal case and had the opportunity to litigate the issues surrounding the October 2015 seizure and retention of his vehicle therein" and "simply regurgitates the same claim."  (ECF No. 90 at 14.)  As explained above, the facts in this case were not at issue in the SDNY action, because most of the conduct that the plaintiff challenges in this suit occurred after Judge McMahon dismissed the SDNY case; that is, since the plaintiff was convicted, the defendant has still not given the plaintiff the opportunity to be heard on his challenge to the city's continued retention of his car.  (ECF No. 1 ¶¶ 19–28; ECF No. 44 at Exs. J–M.)  Accordingly, the issues in this case are not "identical" to the SDNY case, *Davis*, 2 F. Supp. 3d at 481 (citation omitted), and collateral estoppel does not bar the plaintiff's claim.

**II.     Section 1983**

Plaintiffs bringing a claim under 42 U.S.C. § 1983 must establish: (1) "that they were deprived of a right secured by the Constitution or laws of the United States," and (2) "that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). "The Due Process Clause does not protect against all deprivations of constitutionally protected interests in life, liberty, or property, 'only against deprivations without due process of law.'" *Rivera-Powell v. N.Y.C. Bd. of Elections*, 470 F.3d 458, 464–65 (2d Cir. 2006) (quoting *Parratt v. Taylor*, 451 U.S. 527, 537 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330–31 (1986)). "[T]o determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate." *Id.* at 465 (quoting *Zinermon v. Burch*, 494 U.S. 113, 126 (1990)). A plaintiff alleging a due process violation based on the loss of personal property seized in connection with an arrest "must demonstrate either that: (1) 'he was never given proper notice' of the post-deprivation state law remedies or (2) 'the post-deprivation remedies available under state law were inadequate.'" *Sommerville v. Wright*, No. 12-CV-165, 2014 WL 794275, at *4 (E.D.N.Y. Feb. 25, 2014) (quoting *Kneitel v. Danchuk*, No. 04-CV-0971, 2007 WL 2020183, at *4 (E.D.N.Y. July 6, 2007)).

"When reviewing alleged procedural due process violations, the Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees." *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996) ("*HANAC*") (citations omitted). "When the state conduct in question is random and unauthorized, the state satisfies procedural due process requirements so long as it provides meaningful post-deprivation remedy." *Rivera-Powell*, 470 F.3d at 465 (citing *HANAC*, 101 F.3d at 880). "In contrast, when the deprivation is pursuant to

13

an established state procedure, . . . 'the availability of post-deprivation procedures will not, *ipso facto*, satisfy due process.'" *Id.* (quoting *HANAC*, 101 F.3d at 880). The "distinction between random and unauthorized conduct and established state procedures . . . is not clear-cut." *Id.* at 456. However, the Second Circuit has advised that "the acts of high-ranking officials who are 'ultimate decision-maker[s]' and have 'final authority over significant matters,' even if those acts are contrary to law, should not be considered 'random and unauthorized' conduct for purposes of a procedural due process analysis." *Id.* (citations omitted); *see also id.* at 466 ("[O]ur determination in *HANAC* that the state action was random and unauthorized turned on the fact that the contracts officer who effected the deprivation did not have 'final authority over significant matters.' Here, by contrast, the Board of Elections has been delegated the authority to make the kind of deprivation at issue here — the removal of candidates from the ballot." (citations omitted)).

The defendants construe the plaintiff's due process claims as claims against the individual officers who did not "attach to the voucher the procedures for recovering the seized vehicle," and against the city for "'neglecting to answer Plaintiff's request for [a] hearing on continued retention' of the vehicle." (ECF No. 90 at 15 (quoting ECF No. 44 at 5–6.)) These claims, the defendants say, are "[c]learly . . . based on the alleged random and unauthorized acts of members of the NYPD — *i.e.*, Officer Gonzalez, Sgt. Mascia." (*Id.* at 15–16.) This interpretation is based on an overly narrow interpretation of the plaintiff's claims.

As explained above, because the plaintiff is representing himself, the Court construes his claims liberally to raise the strongest arguments they suggest. *See Azaryev*, 2021 WL 3861722, at \*1. Even without the application of that standard, however, it is clear from the complaint that the plaintiff claims far more than what the defendants assert. As the defendants point out, the

14

first claimed due process violation occurred when police officers seized the plaintiff's car in 2015 and did not give him a voucher that included "the procedures for recovering the seized vehicle." (ECF No. 44 ¶ 9.)  The plaintiff also alleges due process violations in connection with the civil forfeiture case; he claims that he responded to the Property Clerk's summons with a demand for a copy of the civil forfeiture action complaint, to which the Property Clerk never responded at all.  (ECF No. 1 ¶¶ 11–12).  Nor did the clerk respond when the plaintiff sought to file a motion to dismiss in November 2019 or when he followed up again in February 2020. (ECF No. 1 ¶¶ 20–22; ECF No. 44 at Ex. K).  In addition, the plaintiff says that he made repeated requests for his car in 2016 and 2017, which the defendants ignored:

- In November 2016, he sent a "formal request to return property" to the assistant district attorney assigned to his criminal case (ECF No. 1 ¶ 15; ECF No. 44 at Ex. F);

- In January 2016 and March 2017, he asked about his car during court proceedings (ECF No. 1 ¶¶ 10, 17);

- In January 2017, he sent a "notice to demand a retention hearing" to the assigned assistant district attorney and the Property Clerk (ECF No. 1 ¶ 16; ECF No. 44 at Ex. G);

- In June 2017, after he was convicted in the criminal case, he sent a "request to release arrest evidence" pursuant to Section 12-34 of the New York City Rules and Regulations (ECF No. 1 ¶ 18; ECF No. 44 at Ex. I); and

- In June 2017, he sent a "letter in the form of [a] demand hearing and return of vehicle" to the attorneys that the Property Clerk listed on the summons for the civil forfeiture action (ECF No. 1 ¶ 19; ECF No. 44 at Ex. J).

15

The plaintiff also disputes the defendants' claim that his allegations are based on "random and unauthorized" acts. The Court construes his argument to be that New York City is authorized to retain a vehicle as arrest and trial evidence pending the conclusion of a criminal proceeding, and that a forfeiture proceeding could satisfy due process. He asserts, however, that the defendants have not followed the existing processes in his case; thus, the deprivation is pursuant to an established state procedure. (ECF No. 59 at 7.) Moreover, even aside from the civil forfeiture proceeding, at least one of the plaintiff's additional allegations relates directly to a different established state procedure: after he was convicted in March 2017, the plaintiff wrote to the assistant district attorney requesting the return of his car pursuant to Section 12-34 of the New York City Rules and Regulations. (ECF No. 1 ¶ 18; ECF No. 44 at Ex. I.)[9] Considering the entirety of the plaintiff's allegations, and construing them in the light most favorable to him, his claims "arise out of established procedures." *Tammaro v. City of New York*, No. 13-CV-6190, 2018 WL 1621535, at *8 (S.D.N.Y. Mar. 30, 2018); *see also id.* ("But reading the Complaint in context, the gravamen of [the plaintiff's] due process claim is that the City failed to provide notice of the procedures by which to recover his property . . . by failing to provide him with a voucher *and* not providing any other adequate public notice.").

Ultimately, however, "the question of how to classify the [defendants'] action is immaterial." *Rivera-Powell*, 470 F.3d at 466. Even if the defendants' actions were "random and unauthorized," a post-deprivation remedy alone is insufficient — the state must provide a "meaningful post-deprivation remedy." *Id. See also Tammaro*, 2018 WL 1621535, at *8 ("But procedural due process requires '*meaningful* notice of the procedures' for recovering vouchered

---

[9] As described in note 7, Section 12-34 of the New York City Rules and Regulations establishes "procedures governing the giving of releases for property that is arrest evidence." New York City, N.Y., Rules, Tit. 38, § 12-34.

property." (emphasis in original) (citation omitted)).  For the reasons described below, the defendants have not done so.

"[A]n arrestee can succeed on a procedural due process claim by demonstrating that: '(1) the City arrested him and seized his property; (2) it did not give him a property voucher with the constitutionally-required notice printed on it; (3) it did not otherwise notify him of the procedures he could follow to reclaim his property; and (4) he was deprived of the property as a result.'" *Sommerville*, 2014 WL 794275, at *6 (quoting *Frith v. City of New York*, No. 07-CV-5899, 2011 WL 3477083, at *3 (S.D.N.Y. July 7, 2011), *report and recommendation adopted,* 2011 WL 3478141 (S.D.N.Y. Aug. 8, 2011)).[10]  The plaintiff clearly satisfies elements one, two, and four.  He alleges (and the defendants do not dispute) that the police arrested him and seized his car (ECF No. 44 ¶ 9), the voucher that the police gave him did not include the required notice advising him of "the procedures for recovering the seized vehicle" (*id.*), and he has been deprived of his property since the seizure (*id.* ¶ 25).

The third element is a closer call.  The defendants argue that the plaintiff's "ability to challenge the initial seizure and continued retention of his vehicle in the pending state court forfeiture proceeding satisfies due process."  (ECF No. 90 at 16.)  There is no question that at least initially, the plaintiff was notified of the civil forfeiture proceeding; on February 18, 2016, the Property Clerk sent the plaintiff a summons informing him that he had 30 days from the date of the summons to serve a notice of appearance or a demand for a complaint and provided an address for service.  (ECF No. 89-1 at Ex. D.)  The plaintiff got the summons on March 1, 2016.  (*Id.*)  But the plaintiff also followed the instructions in the summons.  On March 8, 2016, about a

---

[10] In *Sommerville*, the court rejected the defendants' argument that this framework should not apply where the deprivation was random and unauthorized.  2014 WL 794275, at *6.

17

week after he got the summons, he responded with a "demand to produce complaint," which, as his notarized affidavit of service shows, was mailed to the address listed in the summons. (ECF No. 1 ¶ 12; ECF No. 89-1 at Ex. E.; ECF No. 44 at Exs. D–E.) Nevertheless, the NYPD Property Clerk did not respond to the demand, let alone produce the complaint.

The defendants also assert that "the forfeiture proceeding remains open, the [p]laintiff has had and continues to have the ability to make motions in that proceeding, and the NYPD is prepared to serve and file a complaint in that proceeding immediately." (ECF No. 90 at 16 n.5.) This is not persuasive. The plaintiff responded to the summons with his demand almost ten years ago, and the defendant has held on to his car for the entire time. The defendants focus on the "mistake by the NYPD in failing to serve the complaint in the forfeiture proceeding," which they say "does not amount to a due process violation." (*Id.*). But they do not address the plaintiff's many attempts to get information about getting his car back — including his request pursuant to Section 12-34 of the New York City Rules and Regulations — all of which the defendants ignored completely. Under these circumstances, the plaintiff has sufficiently alleged that the defendants did not provide him with a meaningful post-deprivation remedy. *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 341 (S.D.N.Y. 2007) ("At least at this preliminary stage," the "plaintiff may proceed under this due process claim. [The] [p]laintiff adequately alleges that he was not provided with a voucher, he was unable to learn of the procedures, and he was deprived of his property as a result.").

The defendants also argue that the plaintiff's due process claims fail because "regardless of how long the forfeiture proceeding has been pending, [the] [d]efendants promptly initiated the forfeiture proceeding in accordance with the recent United States Supreme Court decision in *Culley v. Marshall*, 601 U.S. 377 (2024)." (ECF No. 90 at 17.) But *Culley* does not resolve the

18

issues in this case. The question in *Culley* was whether "a preliminary hearing is constitutionally necessary to determine whether States may retain seized personal property pending the ultimate forfeiture hearing." 601 U.S. at 385. The Supreme Court held that the Due Process Clause requires a timely forfeiture hearing but "does not require a separate preliminary hearing." *Id.* at 386–87. While the defendants might have initiated a timely forfeiture proceeding, their conduct, including their failure to act, has made it impossible for the plaintiff to mount a meaningful challenge to the deprivation of his property. The plaintiff has stated a claim for a violation of his due process rights. Accordingly, the defendants' motion to dismiss the claim against the City Defendants on the basis of Rule 12(b)(6) is denied.

### III. Personal Involvement of Individual Officers

The defendants argue that the plaintiff "fails to set forth the required personal involvement of Defendants Pichardo, Perez, and Cozier to establish liability under § 1983." (ECF No. 90 at 20–21 (citing *Shomo v. City of New York*, 79 F.3d 176, 184 (2d Cir. 2009)). "Under the well-settled law of this Circuit, 'in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation.'" *Tammaro*, 2018 WL 1621535, at *9 (quoting *Grullon v. City of New Haven*, 720 F.3d 133, 138–39 (2d Cir. 2013)). The plaintiff alleges that Defendants Gonzalez, Pichardo, Perez, and Cozier were involved in the initial seizure of his car and the original failure to give him notice of the procedures for recovering the car. (ECF No. 44 ¶ 9.) The plaintiff does not allege, however, that these defendants were involved in the failures to respond to the plaintiff's demand for a complaint in the state forfeiture proceeding, the request to release arrest evidence pursuant to Section 12-34 of the New York City Rules and Regulations, or the requests for a retention hearing following his conviction. Accordingly, because the plaintiff has not alleged that Gonzalez, Pichardo, Perez, or Cozier

19

"were personally involved in the [alleged] constitutional violation," the claim against them is dismissed. *Tammaro*, 2018 WL 1621535, at *9.

## CONCLUSION

For these reasons, the defendants' motion to dismiss the second amended complaint is denied as to the City Defendants and granted as to Defendants Gonzalez, Pichardo, Perez, and Cozier.

**SO ORDERED.**

s/Ann M. Donnelly
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
        September 30, 2025